No. 447

AKRON (City) v. GUY

Ohio Appeals, 9th Dist., Summit Co.

No. 960. Decided March 2, 1925.

225. CHARGE TO JURY—Contradictory charges to burden of proof on material issue one being erroneous and the other correct are presumptively prejudicial.

829. NEGLIGENCE—Averment that injury was caused by third party held not affirmative defense.

FUNK, J.

Royal Gardner drove a truck into a hole filled with water in Akron. It caused him to lose control of his machine which swerved and struck Charles Guy, who was walking on the sidewalk, by reason of which, injuries were sustained. Guy brought an action in the Summit common pleas against the city and recovered judgment.

Error was prosecuted by the city, which contended that the lower court erred in its charge and that the verdict was excessive and contrary to the weight of the evidence. The city contended that a charge made to the jury placing the burden of proof upon it, to show that the proximate cause of the injury was due to the negligence of the driver, was error. The court of appeals held:

1. Averment that the injury was caused by a third party does not constitute an affirmative defense.

2. The erroneous charge together with a correct charge constitutes a presumption of prejudice, because the court cannot assume that the jury selected the one part of the charge which is correct, and rejected or disregarded the other part which is clearly erroneous. Montanari v. Howarth, 108 OS. 8.

The judgment will be reversed for error in the charge.

Attorneys—H. M. Hagelbarger, Dir. of Law, Wm. A. Kelly, Ass't. Dir. of Law, for City; Smoyer, Clinedinst & Smoyer and C. C. Chisnell, for Guy, all of Akron.

---

No. 448

CHARPIE v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5766. Decided Feb. 23, 1925.

923. PLEADINGS—Where it is sought to convict on an affidavit, charging excessive speed past school house, it must be alleged to have occured on a day and between the hours school was in session.

VICKERY, J.

Avery Charpie was arrested and tried in the Cleveland Municipal Court on an affidavit charging him with having unlawfully passed a school at a speed greater than 10 miles per hour. The affidavit was based on an ordinance providing that a machine shall not be driven at a speed greater than 10 miles per hour past a school on school days between the hours of 8 A. M. and 4 P. M. Charpie was fined $10 and costs. He prosecuted error claiming that the affidavit did not charge any offense under the ordinance. The Court of Appeals held:

In order to make an offense to which one must answer, it must be charged in the affidavit that the time of driving the motor vehicle was between the hours of eight and four, in the day; and that it was a school day and that there was a session of school during that day. None of the specifications appeared in the affidavit filed, and hence there was a failure to charge an offense, and the conviction was therefore unwarranted and illegal. Judgment reversed and Charpie discharged.

Attorneys—A. P. Gustafson, for Charpie; J. F. Smith for City; both of Cleveland.